## In re INDIAN TRIBES CONTRACT SUPPORT COSTS LITIGATION

**Tunica–Biloxi Tribe of Louisiana, et al. v. United States of America, et al., D. District of Columbia, C.A. No. 1:02-2413**

**Ramah Navajo Chapter v. Manuel Lujan, et al., D. New Mexico, C.A. No. 1:90–957**

**Pueblo of Zuni v. United States of America, et al., D. New Mexico, C.A. No. 1:01–1046**

**No. MDL 1690.**

Judicial Panel on Multidistrict Litigation.

Aug. 10, 2005.

---

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,\* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.

This litigation consists of one action pending in the District of District of Columbia and two actions pending in the District of New Mexico. Originally, the plaintiffs in the District of District Columbia action moved the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing the three actions in the District of New Mexico. Movants have since sought to amend their motion to delete one of the actions (the District of New Mexico *Ramah* action) from their request for centralization and to change their suggested transferee forum to the District of District of Columbia. The parties to the *Ramah* action have expressed their concurrence in this request. The defendants in the two remaining actions and the plaintiff in the remaining District of New Mexico action oppose transfer. If the Panel were to order transfer over their objections, then responding defendants would favor selection of the District of District of Columbia as transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Movants have failed to persuade us that any remaining, unresolved common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer in what now is a two action docket. Each of the two remaining MDL–1690 actions has been pending in its respective forum for a lengthy period of time, and alternatives to transfer exist that can continue to minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). *See also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

\* Judge Motz took no part in the disposition of this matter.